IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,912






EX PARTE MARTINIANO R. FLORES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W219-80171-06-HC IN THE 416TH DISTRICT COURT


FROM COLLIN COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of
aggravated sexual assault of a child, three counts of indecency with a child by contact, and one count
of indecency with a child by exposure. He was sentenced to three twenty-year sentences, two five-year sentences, and two ten-year sentences, with two of the twenty-year sentences to be served
consecutively, and the other sentences to be served concurrently. The Fifth Court of Appeals
affirmed his conviction. Flores v. State, No. 05-06-01297-CR (Tex. App. - Dallas, June 10, 2008).
. 

 Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance
because counsel failed to timely notify Applicant that his conviction had been affirmed and failed
to advise him of his right to petition pro se for discretionary review. We remanded this application
to the trial court for findings of fact and conclusions of law.

 Appellate counsel filed an affidavit with the trial court. In addition, the trial court obtained
an affidavit from the Program Supervisor of the Mail System Coordinators Panel, indicating that a
review of the incoming mail logs at the unit where Applicant was housed during the pendency of his
appeal showed that Applicant received no mail during the period for filing a PDR. Based on these
affidavits, the trial court has entered findings of fact and conclusions of law that appellate counsel
failed to timely notify Applicant that his conviction had been affirmed and failed to advise him of
his right to petition for discretionary review pro se. The trial court recommends that relief be
granted. Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997).

 We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition
for discretionary review of the judgment of the Fifth Court of Appeals in Cause No. 05-06-01297-CR
that affirmed his conviction in Cause No. 219-80171-06 from the 416th District Court of Collin
County. Applicant shall file his petition for discretionary review with this Court within 30 days of
the date on which this Court's mandate issues.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469 (Tex.
Crim. App. 1997).


Delivered: November 7, 2012

Do not publish